### COLLAT *v.* IVES.

APPEAL AND ERROR—DISMISSED APPEAL—REGISTER'S FEE—REINSTATEMENT—STATUTE.

> Under Act No. 15, Pub. Acts 1905, an appeal dismissed for nonpayment of the register's fee will not be reinstated where an examination of the record satisfies the court that justice does not require a revision of the case upon the merits.

Bill by Julius Collat and Theodore Collat against Marietta Ives to restrain the forfeiture of a lease. From a decree dismissing the bill, complainants appealed, which appeal was dismissed for nonpayment of the register's fee. On petition to reinstate the appeal under Act No. 15, Pub. Acts 1905. Submitted July 21, 1905. (Calendar No. 21,-212.) Denied September 28, 1905.

*McKnight & McAllister*, for petitioners.

*Ward & Brown*, for respondent.

MOORE, C. J.   This is an application for an order to compel the register of the circuit court for the county of Kent, in chancery, to make a return to an appeal, where the $5 fee was not paid within 30 days after the settlement of the case.   It is claimed the order may be made under the provisions of Act No. 15 of the Public Acts of 1905, which amended section 552, 1 Comp. Laws, by adding the following proviso:

"*Provided, however,* That when any such appeal shall, either before or after the passage of this act, have been dismissed for nonpayment of said register's fee within said period of thirty days, if the appellant shall by petition and competent proof make it appear to the Supreme Court that said fee has since been paid and that justice requires a revision of the case upon the merits, said court may reinstate such appeal upon such terms as may be just; but such reinstatement shall not be allowed without due notice to the party adversely interested and giving him an opportunity to be heard, nor unless the petition therefor shall be filed within one year after such dismissal."

Three objections are made by the defendant to the granting of the order:   *First,* that the failure to pay the fee is not excused; *second,* that the case at bar does not come within the provisions of Act No. 15; *third,* that justice does not require a revision of the case upon the merits.   We think it necessary to consider only the third objection.   An examination of the record satisfies us that justice does not require a revision of the case upon the merits.

The application for the order is denied.

CARPENTER, McALVAY, GRANT, and BLAIR, JJ., concurred.